# ANGLO-AMERICAN INCANDESCENT LIGHT COMPANY *v.* GENERAL ELECTRIC COMPANY.*

### TRADEMARKS; GOODS OF THE SAME DESCRIPTIVE PROPERTIES.

1. Two trademarks may be said to be appropriated to merchandise of the same descriptive properties, within the meaning of the trademark act of Congress, when the general and essential characteristics of the goods are the same. (Following *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros.* 32 App. D. C. 285); and no trademark may be registered when it is appropriated to goods of the same general qualities or characteristics as those of the goods to which another trademark has been appropriated. (Citing *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 304.)

2. Incandescent gas mantles and incandescent electric lamps are goods of the same descriptive properties within the meaning of the trademark act of Congress; and where the word "Mazda" has been registered as applied to such lamps, the word is not registerable by another who seeks to use it as a trademark for such mantles. (Citing *Walter Baker & Co.* v. *Harrison,* 32 App. D. C. 272.)

No. 952. Patent Appeals. Submitted March 9, 1915. Decided March 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to an application for the registration of the word "Mazda" as a trademark for incandescent gas mantles.                              *Affirmed.*

The facts are stated in the opinion.

*Mr. George H. Parmelee, Mr. Clarence P. Byrnes, Mr. F. S. Appleman,* and *Mr. B. G. Foster* for the appellant.

*\*Trademarks—Different Application.*—For cases passing upon the use trademark or tradename on articles other than those to which it is applied by the owner, see notes to *Virginia Baking Co.* v. *Southern Biscuit Works,* 30 L.R.A.(N.S.) 167 and *Atlas Mfg. Co.* v. *Smith,* 47 L.R.A.(N.S.) 1002.

*Mr. Thomas J. Johnston* and *Mr. Albert G. Davis* for the
appellee.

Mr. Justice ROBB delivered the opinion of the court:

Appeal from a decision of the Patent Office sustaining the op-
position of the appellee, General Electric Company, to the reg-
istration by the appellant, Anglo-American Incandescent Light
Company, of the word "Mazda" as a trademark for incandescent
gas mantles.

The appellee registered and very extensively advertised and
used this word as a trademark for incandescent electric lamps
prior to its adoption and use by the appellant. The evidence
fully sustains the finding of the Examiner of Interferences that
appellant "not only knew of the prior use of the word 'Mazda'
upon electric lamps by the General Electric Company (the ap-
pellee), but adopted the same for gas mantles because of the
publicity which the mark had attained from its extensive ad-
vertising by the latter Company."

The trademark act (33 Stat. at L. 724, Chap. 592, Comp.
Stat. 913, § 9485), to which we have many times referred, denies
registration to trademarks which are identical with a registered
or known trademark owned and in use by another, and appro-
priated to merchandise of the same descriptive properties, or
which so nearly resemble such a registered or known trademark
as to be likely to cause confusion or mistake in the mind of the
public or to deceive purchasers, if appropriated to merchandise
of the same descriptive properties. As we said in *Phœnix Paint
& Varnish Co.* v. *John T. Lewis & Bros.* 32 App. D. C. 285, in
enacting this legislation Congress evidently intended to prevent
the registration of a mark that would enable an unscrupulous
dealer to obtain the benefit of a valuable trade reputation estab-
lished by conscientious effort and fair dealing, to the injury of
the public, as well as to one who had established such a reputa-
tion. It is our duty, therefore, to give the act such a practical
interpretation as will effectuate its obvious intent. In the above-
cited case we ruled that "two trademarks may be said to be

appropriated to merchandise of the same descriptive properties, in the sense meant by the statute, when the general and essential characteristics of the goods are the same."

The Century Dictionary thus defines the noun "property:" "Any character always present in an individual or a class; an essential attribute; a peculiar quality; loosely, any quality or characteristic." We think Congress, in using the words "descriptive properties," intended that they should be given their popular signification. Giving them that signification, no trademark may be registered when it is appropriated to goods of the same general qualities or characteristics as those of the goods to which another trademark already has been appropriated. In *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 304, we ruled that gasolene stoves and coal or wood stoves were goods of the same descriptive properties, within the meaning of the trademark act. We think that decision controlling here. It was pointed out that the two classes of stoves were devoted to the same general use, that of heating and cooking; in other words, that their general qualities or characteristics were so nearly identical that the vending of each by two rival manufacturers, under the same trademark, would be likely to cause confusion, to the injury of the one first to adopt the mark, and to the general public. In the present case, as in the above-cited case, the goods are used for the same purposes, namely, artificial lighting. They not only are usually sold by the same dealer, but frequently are used together on combination fixtures. While, of course, no one of average intelligence would purchase a "Maxda" gas mantle in the belief that it was a "Mazda" electric lamp, the average person *would* believe that he was purchasing the product of the manufacturer of "Mazda" lamps. See *Walter Baker & Co.* v. *Harrison,* 32 App. D. C. 272. It requires no argument to demonstrate that injury might result from such confusion, both to the appellee and to the general public.

The decision is affirmed.                    *Affirmed.*